## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM, MICHAEL J. B. BORJA, in his capacity as Director of Land Management,<br><br>          Plaintiff,<br><br>          AND<br><br>GUAM WATERWORKS AUTHORITY, a Guam Public Corporation,<br><br>          Plaintiff-Intervenor,<br><br>          vs.<br><br>CORE TECH INTERNATIONAL CORPORATION, YOUNEX ENTERPRISES CORPORATION,<br><br>          Defendants. | Superior Court Case No. <u>CV1198-18</u><br><br><br><br>**DECISION AND ORDER RE GWA'S MOTION TO DISMISS** |

The Court here considers Plaintiff-Intervenor Guam Waterworks Authority's March 9, 2020 Motion to Dismiss. GWA seeks to dismiss all crossclaims filed against it by Defendant Core Tech International Corporation under Guam Rule of Civil Procedure 12(b)(6). It asserts that Core Tech's crossclaims fail to state a claim for which relief can be granted because Core Tech improperly names GWA as a Crossclaim Defendant and improperly asserts crossclaims against GWA in violation of Rule 13(g). Mot. at 2 (Mar. 9, 2020). It cites that "a crossclaim may not be asserted against a party on the opposite side of the action." *Id.* at 2 (quoting *Johnson v. Heublein, Inc.*, 227 F.3d 236, 243 (5th Cir. 2000).

Core Tech argues that dismissal of its claims against GWA due to a technicality--mislabeling its "counterclaims" as "crossclaims"--would undermine the Guam Rules of Civil Procedure, which "shall be construed and administered to secure a just, speedy, and inexpensive determination of every action." Opp'n at 2-3 (May 22, 2020) (citing to GRCP 1). Instead, the Court should determine the sufficiency of Core Tech's claims against GWA because a Rule 12(b)(6) motion tests the legal sufficiency of a party's complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When testing its sufficiency, the Court construes the pleadings in a light most favorable to the non-movant and resolves all doubts in the non-movant's favor. *First Haw. Bank v. Manley*, 2007 Guam 2 ¶ 9. Dismissal under Rule 12(b)(6) is not proper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations and quotations omitted).

Having reviewed Core Tech's Amended Answer, the Court agrees that its counterclaims are mislabeled as crossclaims. On the face of its Amended Answer, however, Core Tech's counterclaims against GWA appear to sufficiently state a claim for which relief can be granted.

Accordingly, the Court GRANTS Core Tech leave to amend its Amended Answer to reflect these changes. GWA's Motion to Dismiss is hereby DENIED.

SO ORDERED this 18th day of June 2020.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
James Canto, Esq., Assistant Attorney General, Office of the Attorney General, for the
       Government of Guam and the Director of Land Management
Kelly Clark, Esq., Guam Waterworks Authority, and Vincent Leon Guerrero, Esq., Law Office of
       Vincent Leon Guerrero, for Guam Waterworks Authority
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, for Core Tech International
       Corporation